IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PATRICIA ANN CANNON, :
:
    Plaintiff, :
:
vs. :
: CIVIL ACTION 13-0398-M
CAROLYN W. COLVIN, :
Social Security Commissioner, :
:
    Defendant. :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 14). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 19). Oral argument was waived in this action (Doc. 20). Upon consideration of the administrative record, the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

1

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was fifty-five years old, had completed two years of college education (Tr. 141), and had previous work experience as a retail sales person, child care teacher, and babysitter (Tr. 44-45). In claiming benefits, Plaintiff alleges disability due to degenerative disc disease of the lumbar spine with scoliosis, arthropathy, hypertension, obesity and headaches (Doc. 14 Fact Sheet).

The Plaintiff filed protective applications for disability benefits and SSI on June 17, 2010 (Tr. 117-27; *see* Tr. 12). Benefits were denied following a hearing by an Administrative

Law Judge (ALJ) who determined that she could perform her past relevant work as a childcare worker (Tr. 12-21). Plaintiff requested review of the hearing decision (Tr. 7) by the Appeals Council, but it was denied (Tr. 1-5).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Cannon alleges that: (1) The ALJ did not properly consider the opinions and conclusions of her treating physician; and (2) the ALJ did not properly consider Plaintiff's complaints of pain (Doc. 14). Defendant has responded to—and denies—these claims (Doc. 15). The relevant evidence of record follows.

The earliest medical evidence dates to June 15, 2009 when Dr. Greg Evans, Cannon's treating physician with the Mobile County Department of Health, in a follow-up examination noted that her blood pressure was elevated (Tr. 196-98; *see generally* Tr. 181-219). Evans continued prescriptions for Lyrica,[1] Darvocet,[2] and Soma.[3] On February 5, 2010, Plaintiff complained

---

[1] *Lyrica* is used for the management of neuropathic pain. **Error! Main Document Only.***Physician's Desk Reference* 2517 (62nd ed. 2008).

[2] **Error! Main Document Only.**Propoxyphene napsylate, more commonly known as Darvocet, is a class four narcotic used "for the relief of mild to moderate pain" and commonly causes dizziness and sedation. *Physician's Desk Reference* 1443-44 (52nd ed. 1998).

[3] **Error! Main Document Only.***Soma* is a muscle relaxer used "for the relief of discomfort associated with acute, painful musculoskeletal conditions," the effects of which last four-to-six hours. *Physician's Desk Reference* 2968 (52nd ed. 1998).

of swelling in her right hand thumb, her pain a two on a ten-point scale; the doctor noted abnormal appearance, swelling, erythema, tenderness, and pain on motion in both hands (Tr. 189-94). There were no sensory or motor abnormalities. On May 28, 2010, Cannon complained of headaches and pain in her legs and feet; on review, however, no headache was noted (Tr. 182-84). Blood pressure was elevated and Plaintiff reported no pain; her weight was 212.8 pounds, while standing at sixty-five inches. Prescriptions included Flexeril and Ultram.

On June 9, 2010, Dr. Andre J. Fontana, Orthopaedic Surgeon, examined Cannon who complained of lower back pain since falling in 2001; she claimed to have radiating pain in both legs with numbness and tingling in her right foot (Tr. 221-23). Cannon indicated that she had quit her job, requiring lifting and picking up boxes, in January 2009 in order to find another job; she said that she walked minimally, but without assistance.

The Orthopaedic's examination notes were as follows:

> UPPER EXTREMITIES: Cervical spine flexion 40, extension 20, rotation 50 left and right, and lateral flexion 20 left and right. Sweat patterns are good. Grip strength is 5/5. Reflexes are 1+ in the biceps, triceps, and brachioradialis. LOWER EXTREMITIES: Reflexes are 1+ in the patella and 0 Achilles. Sensory is intact. Motor is intact. Toe-heel gait is good. Straight

4

> leg raise is negative. Range of motion of
> the knees is good. No crepitance. Left
> calf is 37, left thigh 51, and right thigh
> 50. These are centimeters. She has good
> range of motion in both hips.

(Tr. 222-23). X-rays showed moderate-to-severe scoliosis with degenerative disc disease at L4-5 with some mild narrowing, as well as some spurring. Dr. Fontana stated that Cannon "should do no lifting over 20-25 pounds infrequently, bending, stooping, or twisting. No climbing or walking on unprotected heights" (Tr. 23). The surgeon also completed a physical capacities evaluation in which he noted Plaintiff had no restrictions in sitting, standing, or walking; in his form, Fontana again noted that Cannon could lift and carry up to twenty-five pounds occasionally (Tr. 221). She was capable of simple grasping and fine manipulation in both hands and could use all arms and legs for pushing and pulling of controls.

On July 26, 2010, Plaintiff complained of lower back pain, her left leg giving out, and a history of headaches; Dr. Evans noted no headache and pain at two of ten with hypertension (Tr. 228-30; *see generally* Tr. 223-31). The cervical, lumbar/lumbosacral spine, and leg were noted to exhibit abnormalities though there was no sensory, motor, or coordination dysfunction. On November 5, 2010, Plaintiff was in

5

no pain and her blood pressure was 130/93; Dr. Evans noted hypertension, arthropathy, and backache (Tr. 225-28). Darvocet and Soma were prescribed.

Emergency Room records from Springhill Medical Center on September 17, 2010 indicated Cannon's complaints of a headache, dizziness, nausea, and vomiting for nine days; she reported pain of three of ten (Tr. 238-47). Plaintiff "reported that she has discussed these issues with her primary care doctor in the past, but not had any imaging, never had a head CT. The patient is otherwise without complaints" (Tr. 246). All other systems reviewed were negative; Cannon was mildly distressed, but discharged home in good condition with a headache diagnosis.

On June 1, 2011, Plaintiff complained of bilateral leg pain at three of ten; blood pressure was elevated, though Cannon had lost eight pounds (Tr. 231-37). Dr. Evans noted obesity, arthropathy, and lumbar and lumbosacral pain and recommended that she see a Nutritionist. Darvocet, Soma, Fioricet, Flexeril,[4] and Ultram[5] were all prescribed.

At the evidentiary hearing, Cannon testified that she was

---

[4] **Error! Main Document Only.**Flexeril is used along with "rest and physical therapy for relief of muscle spasm associated with acute, painful musculoskeletal conditions." *Physician's Desk Reference* 1455-57 (48th ed. 1994).

[5] **Error! Main Document Only.**Ultram is an analgesic "indicated for the management of moderate to moderately severe pain." *Physician's Desk Reference* 2218 (54th ed. 2000).

fifty-five years old, living alone in a flat (Tr. 29-42, 43-44). She was using a cane because her leg gave out every so often as recently as four days ago; though not prescribed, it helped her balance. She quit her work in retail because it required her to stand, causing her legs and feet to swell; she left retail to find work with children. Plaintiff could no longer work because the medications she took for her daily back pain made her drowsy and sleepy; lifting, bending, mopping, and sweeping created more pain. The back pain radiated into both legs, made worse with walking and standing; she could only walk six yards before she had to sit down. She rated her pain as seven on a ten-point scale. Sitting without a firm pillow was difficult; she could only manage it for an hour. Cannon could lift ten pounds; she did her shopping and house-cleaning twice a month. To pass the time, she watched TV and completed puzzles; she sang in the church choir and visited with her daughter weekly. She had to lie down for thirty minutes at a time; Plaintiff had about five days a month she felt so bad she could not leave the house.

A Vocational Expert (hereinafter *VE*) testified that Cannon had worked as a retail sales person, a child care teacher, and babysitter; though she had no formal training, she had acquired nine years of experience as a teacher (Tr. 42-43, 44-49). In

7

response to the ALJ's questioning, the VE indicated that an individual with the same residual functional capacity (hereinafter *RFC*) as Cannon would be able to perform her previous job as a child daycare teacher; other job possibilities included work as a service clerk, ticket taker, and toll collector.

In her determination, the ALJ found that although Plaintiff had severe impairments, she had the RFC to perform a limited range of light work (Tr. 15). She specifically found that Cannon could

> lift and carry up to twenty pounds occasionally and ten pounds frequently. She [could] sit for six hours in an eight-hour workday and stand and/or walk for six hours in an eight-hour workday, but she must [be able to] change positions between sitting and standing approximately every hour without leaving the workstation. She [would be] unable to climb ladders, scaffolds, or ropes or work around unprotected heights or dangerous equipment. She [could] occasionally operate foot controls, climb stairs and ramps, bend, stoop, kneel, crouch, and crawl.

(Tr. 15).

Cannon's first claim in bringing this action is that the ALJ did not accord proper legal weight to the opinions, diagnoses and medical evidence of her physician; she

8

specifically referenced Orthopoedist Fontana (Doc. 14, pp. 6-7). It should be noted that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion."  *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981);[6] *see also* 20 C.F.R. § 404.1527 (2013).

In her decision, the ALJ summarized the meager medical evidence of record, including the examination notes of Dr. Fontana.  She noted that the Orthopoedist's "opinion is generally consistent with the record as a whole, including the minimal findings from objective testing and examination and the conservative treatment [Cannon] has received;" she gave it some weight (Tr. 18).  The ALJ specifically noted that Fontana's finding that Plaintiff could never crawl was unsupported by the record evidence as his notes indicated normal range of motion in her knees and hips; the ALJ did limit crawling to occasionally, however (Tr. 18; *cf.* Tr. 222-23).

Cannon specifically objects to the ALJ's finding that she was able to sit, stand, and or walk for six hours, each, during

---

[6]The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

an eight-hour day (Doc. 14, p. 7). The Court notes, however, as Plaintiff acknowledges, that Dr. Fontana rendered no opinion on her abilities to do these things (*see* Tr. 221). Furthermore, Plaintiff's own doctor never provided an opinion as to her abilities, treating her conservatively and with medication.

It must be noted that the burden is on the claimant to prove that she is disabled. *See* 20 C.F.R. § 404.1512(a) (2013); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The Court notes that the ALJ is responsible for determining a claimant's RFC. 20 C.F.R. § 404.1546 (2013). The Court further notes that the social security regulations state that Plaintiff is responsible for providing evidence from which the ALJ can make an RFC determination. 20 C.F.R. § 404.1545(a)(3). In this action, Cannon has not provided evidence that could lead this Court to conclude that the ALJ's decision is not supported by substantial evidence. Any claim otherwise is without merit.

Cannon also asserts that the ALJ did not properly consider her complaints of pain (Doc. 14, pp. 8-11). The standard by which a claimant's complaints of pain are to be evaluated requires "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the

objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). The Eleventh Circuit Court of Appeals has also held that the determination of whether objective medical impairments could reasonably be expected to produce the pain was a factual question to be made by the Secretary and, therefore, "subject only to limited review in the courts to ensure that the finding is supported by substantial evidence." *Hand v. Heckler*, 761 F.2d 1545, 1549 (11th Cir.), *vacated for rehearing en banc*, 774 F.2d 428 (1985), *reinstated sub nom. Hand v. Bowen*, 793 F.2d 275 (11th Cir. 1986). Furthermore, the Social Security regulations specifically state the following:

> statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

20 C.F.R. 404.1529(a) (2013).

The ALJ found that Cannon's testimony regarding her abilities, limitations, and pain was not supported by the record (Tr. 18-20). The ALJ first noted that she had been treated conservatively and that Plaintiff had acknowledged that her medications relieved her pain; she then noted that Plaintiff's self-reported daily activities did not support her alleged limitations. Finally, the ALJ noted that Cannon had divulged to Dr. Fontana that she had quit work her work to find another job and "not because she was unable to work" (Tr. 19).

The Court would further note that although Plaintiff rated her pain at a level of seven of ten at the hearing (Tr. 40), the worst reported pain in all of the medical records was only three of ten on her last visit with Dr. Evans on June 1, 2011 (Tr. 233). Dr. Evans never stated one way or the other whether Cannon could work; he just prescribed medications. Dr. Fontana, on the other hand, indicated that Plaintiff could work. There is nothing in the record to dispute that.

Plaintiff has raised two claims in bringing this action. Both are without merit. Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401. Therefore, it is **ORDERED** that the

Secretary's decision be **AFFIRMED**, see *Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**.  Judgment will be entered by separate Order.

DONE this 31st day of January, 2014.

s/BERT W. MILLING, JR.<br>
UNITED STATES MAGISTRATE JUDGE